IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TANISHA BAILEY,** | : | |
| | : | **Civil No. 1:16-cv-2063** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DENISE McCARTNEY and** | : | |
| **OFFICER BROOKS** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendant.** | : | |

## M E M O R A N D U M

On October 13, 2016, Plaintiff Tanisha Bailey filed a civil rights suit pursuant to 42 U.S.C. §1983 against Denise McCartney and Officer Brooks of the Lower Paxton Police Department. (Doc. 1.) Along with the complaint is a motion for leave to proceed *in forma pauperis*.

## I.      Background

On February 20, 2016, a fire occurred at Bailey's residence, which was investigated by Officer Brooks. It appears that Bailey was tried for arson in the Court of Common Pleas of Dauphin County. In the complaint, Bailey alleges that McCartney, a neighbor at the time of the fire, gave false information to Officer Brooks and at Plaintiff's trial concerning the fire. The outcome of the trial is not provided in the complaint. The complaint does set forth, however, that Plaintiff was incarcerated from February 20, 2016 thru August 11, 2016. (*Id.* at ¶ V(1).) For this, Plaintiff is requesting compensation for defamation of character.

## II.      <u>Discussion</u>

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1998); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d. Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).

This court will also review the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) Screening – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. 1915A.

As noted above, Bailey's cause of action is brought pursuant to 42 U.S.C. §1983. An action will only lie under this statute where a state official, acting under color of state law, violates a constitutional protection. Defendant McCarthy is a secretary at the Dauphin County Courthouse who, as a private citizen, gave a statement as a witness to a fire at Plaintiff's house. She took no action as a state official acting under color of state law. Therefore, Bailey has not stated a claim against McCarthy based on federal law.

As to Officer Brooks, the complaint does not state what constitutional right was violated by Brooks in bringing a criminal action against Plaintiff as a result of the fire at her house. The cause of action cited is defamation. The Supreme Court has held that defamation alone does not rise to the level of a

constitutional violation. Rather, defamation is only actionable under § 1983 if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the constitution. *Paul v. Davis*, 424 U.S. 693, 701-12 (1976). Baily has not alleged a due process violation,[1] a loss of liberty interest, a loss of future employment, or a loss of a property interest. Rather, Bailey alleges that she is undergoing emotional distress. (Doc. 1, ¶ V.) This action lies in a state tort law claim and is not actionable under § 1983.

## III.      Conclusion

Bailey has failed to state a cause of action under federal law as to both defendants. This action will be dismissed for lack of jurisdiction in this court.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: October 21, 2016

---

[1] Bailey is currently in jail and presumably was convicted, and she does not claim that she has been exonerated on appeal.